IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nirin Walls (R49110), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21 C 50418 |
| Kristina Mershon, et al., | ) Hon. Iain D. Johnston |
| Defendants. | ) |

**ORDER**

The Court has reviewed Magistrate Judge Jensen's November 14, 2023 Report and Recommendation and finds no error in its findings and conclusions. The Court adopts the Report and Recommendation [123] and denies Defendants' request to dismiss Plaintiff's complaint for failure to exhaust administrative remedies.

**STATEMENT**

This lawsuit concerns medical care Illinois prisoner Nirin Walls received at the Dixon Correctional Center. The case originated in the Southern District of Illinois but was severed into two cases before it was transferred here. Dkt. 7. This Court reviewed Walls' complaint about events that occurred at Dixon and allowed two claims to proceed past screening: (1) an Eighth Amendment deliberate indifference claim against Healthcare Supervisor Carpenter, stemming from her purported statement (sometime before September 7, 2021) that she was "tired" of Walls' grievances and would "send [him] out to urinologists when she get ready too"; and (2) a retaliation claim against Nurse Practitioner Mershon, stemming from her purported threat (on an unspecified date) to kill Walls if he filed a lawsuit against her. *See* Dkt. 26, May 9, 2022 Order.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust available administrative remedies before filing a federal lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Failure to exhaust under the PLRA is an affirmative defense and so must be raised by Defendants, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), which they have timely done. Proper exhaustion requires prisoners to file grievances and appeals in the place, at the time, and in the manner that the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, an administrative remedy must be available. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). If prison officials do not respond to a grievance, administrative remedies are not available. *Id.* The defendant bears the burden of showing that a prisoner failed to exhaust available remedies. *Id.*

Magistrate Judge Jensen held a *Pavey* hearing in this case on June 13, 2023, and August 22, 2023. During the June 13, 2023 hearing, defense counsel demonstrated that none of the

grievances submitted by Walls and logged by Dixon officials corresponded to the claims against Carpenter and Mershon. Walls, for his part, asserted that grievances he submitted about Carpenter's and Mershon's conduct were thrown away before they were logged. Magistrate Judge Jensen therefore instructed, before the August 22, 2023 hearing:

> To ensure that the *Pavey* hearing is focused appropriately, the parties are reminded that the sole issue before the Court is whether administrative remedies were unavailable in connection with Plaintiff's claims against Mershon and Carpenter. Defense counsel need not spend time establishing that Plaintiff did not fully exhaust these claims because Plaintiff has already acknowledged that he did not fully exhaust these claims. The parties should, instead, focus on the issue at hand, whether—as Plaintiff claims—Counselors Hussung and/or Glenn threw out grievances that correspond to his claims against Mershon and Carpenter in the late February/early March 2021 timeframe[.]

Dkt. 113, July 13, 2023 Order, pg. 6-7.

Following the hearing, Magistrate Judge Jensen set out her findings and conclusions in a thorough Report and Recommendation. Dkt. 123. She recounted, in pertinent part, Walls' testimony that he "submitted two grievances in late February or early March 2021 that went missing. One grievance concerned Defendant Carpenter's purportedly retaliatory refusal of medical care and the second concerned Defendant Mershon's purported death threat." *Id.*, pg. 4. When Walls did not get a response to the grievances, he followed up by filing a grievance asking for camera footage that, Walls says, would have shown him submitting the grievances. *Id.*, pg. 5. Two grievance counselors—Glenn and Hussung, who were responsible for handling Walls' grievances—did not recall whether Walls submitted grievances about the claims in this case. *Id.*, pg. 4-5. Two other officials testified about grievance procedures in general. *Id.*, pg. 4. The officials also testified that Dixon's "records did not reflect any grievances from [Walls] that correspond to the claims in this case" and "the ARB's records did not reveal any appeals that correspond to the claims in this case." *Id.*

Magistrate Judge Jensen found Walls' testimony "credible given his demeanor and the consistency of this testimony" with other evidence. *Id.*, pg. 6. She also found that Defendants offered no evidence "contradicting [Walls'] testimony that he submitted at least two [relevant] grievances in March 2021that went missing." *Id.* As a result, Magistrate Judge Jensen explained, "the Court was left with undisputed evidence that Dixon officials destroyed or mishandled Plaintiff's grievances related to his instant claims and when Plaintiff brought this issue to the attention of Dixon officials, they failed to investigate it." *Id.*, pg. 3-4. Magistrate Judge Jensen therefore found that Defendants had not met their burden of proof and recommended that this Court deny Defendants' request for dismissal of this case for failure to exhaust administrative remedies. *Id.*, pg. 1, 7-8.

Defendant Mershon's objections to the November 14, 2023 Report and Recommendation are before this Court. Dkt. 127.[1] The Court must review *de novo* the portions of the report to which objections are made. Fed. R. Civ. P. 72(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The district judge reviews unobjected portions of the report and recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3).

Defendant Mershon organized her argument into three sections. Her first objection appears under the heading, "The Report and Recommendation Does Not Properly Consider the Nature and Scope of Witness Testimony," Dkt. 127, pg. 3, but she did not cite to any portion of the Report and Recommendation and her objection is not "specific" as to any proposed finding or conclusion as required by Rule 72(b)(2). Instead, Mershon pointed to discrete portions of testimony, offered her interpretation of the testimony, and reached two conclusions: (1) Walls did not establish that "the grievance process was unavailable . . . as applied to grievances about death threats from NP Mershon"; and (2) "[n]o evidence is available to otherwise suggest that an original, relevant grievance was ever filed." *Id.*, pg. 3-4.

The Court reviews *de novo* only those portions of the record to which Mershon specifically objected. *See* Fed. R. Civ. P. 72(b)(3). To start, Mershon pointed to Counselor Glenn's testimony that he did not throw away or intentionally misplace any of Walls' grievances.[2] *Id.*, pg. 3. Mershon then concluded that Walls "never elicited any testimony from [] Glenn suggesting a *relevant* grievance was ever improperly disposed of[.]" *Id.*, pg. 3-4 (emphasis in original). Glenn acknowledged, however, that any relevant grievances could have been lost or destroyed en route to him. Dkt. 127-2, Aug. 22, 2023 Hr'g Tr. (*Pavey II*) at 223:13-23. The fact that Glenn did not, himself, throw away or intentionally misplace Walls' grievances, thus, has no bearing on whether Walls submitted a grievance about death threats from Mershon. The portions of Hussung's testimony identified by Mershon similarly do not support a conclusion that Walls failed to submit relevant grievances.

Mershon next cited to portions of Walls' testimony describing the steps he took to grieve Mershon's purported death threat, Dkt. 127, pg. 4 (citing *Pavey II* at 227:2-229:22; 239:15-242:9), and implied that the testimony is insufficient to establish that Walls submitted a grievance about Mershon's alleged conduct that never made it to his counselor, *see id.* ("This Court's merit review order already establishes that mere allegations about grievances being improperly disposed of are

---

[1] Defendant Carpenter did not join Mershon's objections and has not separately objected to the November 14, 2023 Report and Recommendation.

[2] Defendant Mershon cited to comments made by Magistrate Judge Jensen as well, suggesting that Mershon wants the Court to consider those comments, but under *de novo* review, this Court conducts an independent review of those portions of the records to which Mershon objected.

3

'unacceptably conclusory.'"). But Magistrate Judge Jensen properly considered Walls' testimony. *See* Fed. R. Evid. 602 (permitting, as evidence, testimony based on personal knowledge).

The testimony cited by Mershon shows Walls explaining, in response to a question from Magistrate Judge Jensen, that he put a grievance about Mershon's purported conduct in a grievance box. *See Pavey II* at 227:2-228:22. Walls also articulated, albeit less clearly, that the grievance—along with a second grievance about Defendant Carpenter's purported conduct—was "lost" before it reached Counselor Glenn. *Id.* at 227:2-229:13. Walls said he then tried to inquire about the purportedly missing grievances in an "attempt[] to exhaust." *Id.* 229:4-13.

The testimony cited by Mershon is consistent with prior statements Walls made about Mershon's purported conduct. For example, when asked at the June 13, 2023 hearing to clarify whether he submitted a grievance about Mershon's purported death threat, Walls explained that he submitted a grievance at the "end of February or beginning of March," but it was "missing." Dkt. 127-1, June 13, 2023 Hr'g Tr. (*Pavey I*) at 148:6-24. He put the grievance "in the box, the same grievance that states that grievances came up missing out of Unit 43 box." *Id.* at 149:2-7. He wrote in the grievance that he "went over to healthcare, seen Nurse Practitioner Mershon, and she went on further and even stated about I should have had a medical hold, and 'if you put me in there, that's going to be a real bad lawsuit, especially those lesions on your kidney, and you should have had a medical hold,' and all that, and I put all that in the grievance." *Id.* at 150:2-12. Walls also put in the grievance that Mershon purportedly said, "if you put me in a grievance, I'm going to kill you. I'm the one handling your medicine." *Id.* at 150:17-19. In other words, Walls' version of events remained consistent throughout the *Pavey* hearing and is enough to show he submitted a grievance about Mershon's purported death threat in late February or early March 2021.

Mershon's second objection, like her first objection, focused on whether Walls submitted a relevant grievance. *See* Dkt. 127, pg. 5-6. She cited Magistrate Judge Jensen's finding that "Defendants have not brought forth any evidence contradicting Plaintiff's testimony that he submitted at least two grievances in March 2021 that went missing" and argued that any "allegedly missing grievances . . . were [not] related to alleged death threats from NP Mershon." *Id.*, pg. 5.

In support of her objection, Mershon pointed to Walls' "Motion in Regard to Pavey." *Id.* (citing Dkt. No. 59-1). Walls represented in the motion that grievance no. 213086, dated 8/19/22, was "clear proof" of exhaustion, but nothing in the motion is "clear." Likewise, nothing in the motion necessarily refutes Walls' testimony that, in February or March 2021, he placed a relevant grievance in the grievance box that never made it to his grievance counselor.

Mershon also pointed to Walls' Answers to Interrogatories. *Id.* (citing Dkt. 59-6). Mershon did not explain in her objection the significance of Walls' answers, nor did she identify which interrogatory answers she believes support her conclusion that Walls' "[a]nswers reflect, and [his] testimony substantiated, there exists no relevant (pre-lawsuit) grievance about NP Mershon's alleged death threats[.]" *Id.* Mershon also did not bring any perceived discrepancies between Walls' interrogatory answers and his hearing testimony to Magistrate Judge Jensen's attention, *see Pavey II* at 248:5-249:3 (Mershon closing argument), so any argument on this issue arguably is

4

waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("arguments not made before a magistrate judge are normally waived").

This Court nevertheless compared the testimony cited by Mershon—which focused on Walls' answers to interrogatories 6 and 7—to Walls' interrogatory answers and concludes that Walls' answers do not conclusively establish, as Mershon contends, that "there exists no relevant (pre-lawsuit) grievance about [her] alleged death threats[.]" In response to Interrogatory No. 6, Walls disclosed that he "wrote a grievance once arrival to Dixon" concerning "wrongful transfer and emergency pain medication and emergency outside hospital writ" at Dixon. Dkt. 59-6, pg. 5. He identified Counselors Glenn or Hussung as the individuals responsible for handling grievances placed in the grievance box around February 2021. *Id.* In response to Interrogatory No. 7, Walls disclosed that, on March 18, 2021, he requested "camera footage of 'all' dates in March 2021[.]" *Id.*, pg. 5-6. He also mentioned other "requests" and "slips" to which he did not receive a response. *Id.*, pg. 6. When questioned about his interrogatory answers, Walls explained that he "wanted camera footage" because of "several missing grievances[.]" *Pavey I* at 16:17-17:4. Walls clarified at other points in the proceedings that he asked for camera footage because it would show him placing grievances in the grievance box. *See, e.g., Pavey II* at 228:20-24.

Walls' testimony is plausible in light of the record. Notably, the interrogatories proposed to Walls are not transcribed with his answers, and Mershon did not direct the Court to the questions. As presented, the answers, themselves, leave enough room to accommodate the explanations Walls offered at the *Pavey* hearing. This Court therefore cannot agree with Mershon's characterization of the evidence as showing that any "allegedly missing grievances . . . were in no way related to alleged death threats from NP Mershon."

Mershon's third objection focused on Walls' purported failure to initiate the grievance process properly. Dkt. 127, pg. 6. Mershon argued that to properly exhaust available administrative remedies Walls was required to first "attempt to informally resolve [his] grievance with a counselor." *Id.* Mershon, however, did not raise this issue before Magistrate Judge Jenson. *See* Dkt. 59; *Pavey I*; *Pavey II*.

The problem with Mershon belatedly asserting the issue is that it deprived Magistrate Judge Jensen of an opportunity to address it during the hearing and deprived the parties of an opportunity to develop a record supporting their position. The Seventh Circuit has explained that "there are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge[.]" *See Melgar*, 227 F.3d at 1040. "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed[.]" *Id.* Here, the material cited by Mershon in support of her argument exemplifies the Seventh Circuit's concerns insofar as the cited material does not directly addresses whether Walls informally brought Mershon's purported death threat to his counselor's attention before placing a grievance about the conduct in the grievance box. Walls also had no opportunity to address this issue because the focus of the *Pavey* hearing was on the adequacy of his written grievances. This Court therefore will not consider the issue further.

      This Court adopts Magistrate Judge Jensen's Report and Recommendation in its entirety. The Court reviewed *de novo* the portions of the record to which Mershon specifically objected and finds no error. The Court reviewed the remaining portions of the report and recommendation and finds no clear error. Contrary to Mershon's suggestion that it was Walls's burden to show administrative remedies were unavailable, *see* Dkt. 127, pg. 4, it was the Defendants' burden to show that administrative remedies remained available to Walls after relevant grievances purportedly went missing in late February or early March 2021. *See Dole*, 438 F.3d at 809. Defendants made no such showing. Accordingly, this Court denies Defendants' request to dismiss Walls' complaint for failure to exhaust administrative remedies.

Date: January 24, 2024        By: _____

                                                                                Iain D. Johnston
                                                                                United States District Judge